## IN THE INTEREST OF JOHN DOE, BORN ON JANUARY 19, 1961, JUVENILE-APPELLANT

NO. 7389

OCTOBER 3, 1980

HAYASHI, C.J.. PADGETT AND BURNS, JJ.

244

OPINION OF THE COURT BY HAYASHI, C.J.

This is an appeal from an order entered on November 27, 1979, by the Family Court of the Fifth Circuit, County of Kauai, waiving its jurisdiction over the appellant and transferring him to the circuit court for trial as an adult.

On November 13, 1978, a petition was filed in the family court alleging that the appellant committed the offense of rape in the first degree when he was 17 years old. On the same day, the prosecuting attorney filed with the court a petition for waiver of jurisdiction, pursuant to Hawaii Revised Statutes (HRS) § 571-22(b).

Pursuant to statute[1] and Hawaii Family Court Rules (HFCR) Rule 128, a diagnostic team was appointed by the court to examine and present its findings and recommendations to the court.

A hearing on the petition for waiver was conducted on January 3, 1979. Present at the hearing were the appellant, his parents, his counsel and the members of the diagnostic team. After receiving the testimony and recommendations of the diagnostic team, the judge entered an order waiving family court's jurisdiction on February 27, 1979.

---

[1] HRS § 571-22. *Waiver of jurisdiction; transfer to other courts*. (a) The court may waive jurisdiction and order a minor or adult held for criminal proceedings after the full investigation and hearing where the person during his minority, but on or after his sixteenth birthday, is alleged to have committed an act which would constitute a felony if committed by an adult, and the court finds there is no evidence the person is committable to an institution for the mentally defective or retarded or the mentally ill, is not treatable in any available institution or facility within the State designed for the care and treatment of children, or that the safety of the community requires that the person continue under judicial restraint for a period extending beyond his minority.

Two closely related issues are raised on this appeal. The first issue is whether the failure to find probable cause to believe that an offense had been committed and that the accused minor committed it violates the due process requirements of the United States Constitution.

The second issue is whether the presumption of guilt at the waiver hearing violates the full investigation and hearing requirements mandated by the Constitution of the United States and the Hawaii statutes.

## DUE PROCESS

Appellant argues first that due process and fairness require a finding of probable cause that a crime has been committed and that the accused child has committed the crime before the family court can waive its jurisdiction. In support of the contention he cites *Kent v. U.S.*, 383 U.S. 541, 86 S.Ct. 1045 (1966).

In the *Kent* case, the U.S. Supreme Court held that a juvenile court waiver order was invalid where the juvenile court judge entered the order without conducting a hearing with his parents or his attorney prior to entry of the order waiving jurisdiction. The court stated:

> We conclude that, as a condition to a valid waiver order, petitioner was entitled to a hearing, including access by his counsel to the social records and probation or similar reports which presumably are considered by the court, and to a statement of reasons for the Juvenile Court's decision. We believe that this result is required by the statute read in the context of constitutional principles relating to due process and the assistance of counsel.

*Kent* at 557.

We do not think *Kent* is authority for a rule that the accused minor is constitutionally entitled to a finding of probable cause before family court jurisdiction over him can be waived.

Appellant notes that a finding of probable cause at waiver proceedings is now the rule in eighteen jurisdictions. Our supreme court has held that the purpose of a waiver hearing is

not to determine whether the minor committed or even whether there is probable cause to believe he has committed the offenses alleged, and that the requirement of a finding of probable cause at waiver proceedings was a matter more appropriate for consideration by the legislature. *In Re John Doe Born November 12, 1958*, 61 Haw. 48, 53, 594 P.2d 1084, 1088 (1979).

## FULL HEARING AND INVESTIGATION

With respect to appellant's contention that the presumption of guilt at the hearing impaired the court's ability to fulfill the full hearing and investigation requirements of the United States Constitution and Hawaii law, we find no support. As stated above, the purpose of the waiver hearing is not the determination of the minor's guilt or innocence but to determine whether family court's jurisdiction over him should be waived.

On this question, our supreme court has ruled that for the limited purpose of a waiver hearing, the charges against a minor are presumed to be true and evidence may not ordinarily be admitted to prove the truth of the allegations of criminal law violations. *In Re John Doe Born November 12, 1958, supra.*

Recently, our supreme court, in a number of cases, has addressed itself to the validity of family court waiver orders. We have found the settled law, in light of *Kent v. U.S.*, *supra*, and subsequent rulings, is that a valid waiver of jurisdiction requires a hearing, assistance of counsel and a statement of reasons for the waiver. *In Re John Doe*, 61 Haw. 561, 606 P.2d 1328 (1980); *In Re John Doe*, 61 Haw. 167, 598 P.2d 176 (1979); *In Re John Doe*, 61 Haw. 48, 594 P.2d 1084 (1979); *State v. Stanley*, 60 Haw. 527, 592 P.2d 422 (1979).

Appellant cites *In Re Doe Born August 16, 1959*, 61 Haw. 364, 604 P.2d 276 (1979), wherein the supreme court invalidated a family court waiver order finding that the court abused its discretion by placing too heavy an emphasis on the child's age and the alleged offense.

In *In Re Doe Born August 16, 1959, supra*, the minor was charged with robbery in the second degree and theft stemming from an incident wherein it was alleged that the minor and a group of friends on the Big Island had started out on a hunting trip and decided instead to use their rifle for "scaring tourists." The minor in this case had had no previous encounters with the law, had a secure and stable home life, was remorseful about the incident and was involved in productive endeavors. The victims were not physically harmed, suffering a relatively minor financial loss. All the diagnostic team members and the probation services officer recommended against waiver. The supreme court did not find sufficient evidence in the record to support the court's finding that Doe posed a danger to the community and was not treatable within the available state juvenile institutions, hence waiver was not justified. While acknowledging that much discretion is placed in the hands of the family court judges in deciding whether a child is an unfit subject for rehabilitation under facilities and programs available to the family court, it warned that the discretion must be exercised within the bounds of due process and that there must be substantial evidence upon which to base the decision to waive the child.

In the present case, the family court entered its order waiving jurisdiction after a hearing in which the appellant was present with his parents and legal counsel. Testimony was taken from the members of the diagnostic team, which consisted of a psychologist, the correctional counsel for the Kauai Community Correctional Center, the deputy administrator of the Hawaii Youth Correctional Facility and the probation administrator of the Fifth Circuit Court. All the diagnostic team members recommended in favor of waiver. Counsel for the appellant had ample opportunity to examine the testimony of the witnesses. The court entered its order of waiver taking into account the recommendations of the diagnostic team, the police report, letters of commendation from the minor's teachers, and the serious nature of the alleged offense. Appellant, in the case at bar, is charged with rape, unquestionably, a serious felony. The records indicate that the victim was physically abused and required hospitaliza-

tion. The court's order and findings are sufficiently documented to permit meaningful review. We find no abrogation of constitutional standards in the manner and entry of the family court's waiver of jurisdiction. We note that the appropriate standard of review of a family court waiver decision is whether the record supports a finding of abuse or mistaken exercise of discretion. *State v. Stanley, supra.*

Finding no abuse or mistaken exercise of its discretion, the order of the family court is affirmed.

*Carolyn Bain (James G. Jung, Jr.,* on the opening brief), Deputy Public Defenders, County of Kauai, for juvenile-appellant.

*Gerald S. Matsunaga,* Prosecuting Attorney (*Calvin K. Murashige,* Deputy Prosecuting Attorney, on the brief), County of Kauai, for the State of Hawaii.