STATE OF HAWAII, ex rel. CHARLES F. MARSLAND, JR., Prosecuting Attorney, City and County of Honolulu, State of Hawaii, Petitioner, *v.* MICHAEL A. TOWN, Judge of the Family Court of the First Circuit, State of Hawaii, and JOHN DOE, Real Party in Interest, Born on December 15, 1964, Respondents

NO. 9290

FC-J NO. 78-31024-A

AUGUST 12, 1983

LUM, C.J., NAKAMURA, PADGETT, AND HAYASHI, JJ., AND CIRCUIT JUDGE GREIG ASSIGNED BY REASON OF VACANCY

OPINION OF THE COURT BY NAKAMURA, J.

The State of Hawaii acting through the Prosecuting Attorney of the City and County of Honolulu prays that a Writ of Prohibition issue to halt proceedings in the Matter of John

Doe (Doe or the minor), born December 15, 1964, now pending in the Family Court of the First Circuit to determine whether the minor is a law violator. Its petition to this court seeks also to expedite the appeal of an earlier order denying the State's petition for waiver of family court jurisdiction over the minor to enable criminal proceedings to be brought against him. Though an appeal by the State from such order would not lie, we are nevertheless convinced there was manifest error of a magnitude calling for an extraordinary remedy. But mandamus, an alternative remedy sought by the State's somewhat inartfully drawn pleadings, rather than prohibition, is the relief we find appropriate to remedy the family court's error in denying the State's request to allow the minor to be treated as an adult for the purported breach of law because of a lack of evidence on whether the minor was committable to or treatable in suitable institutions, a failure of proof engendered by his flouting of a court directive.

I.

Doe was seventeen years old on September 9, 1982 when he allegedly engaged in conduct violative of HRS §§ 134-8 and 708-840(1)(b)(ii). Were he an adult he would have been charged with the crimes of Possession of a Prohibited Firearm and Robbery in the First Degree respectively. But as he was a minor presumptively under exclusive family court jurisdiction, he was not charged with those felonies.

The Prosecuting Attorney, however, petitioned the family court on the State's behalf for waiver of the court's jurisdiction over Doe and an order that he be held for trial as an adult in circuit court pursuant to the provisions of HRS § 571-22(a)[1]

---

[1] HRS § 571-22(a) states:

The court may waive jurisdiction and order a minor or adult held for criminal proceedings after full investigation and hearing where the person during the person's minority, but on or after the person's sixteenth birthday, is alleged to have committed an act which would constitute a felony if committed by an adult, and the court finds there is no evidence the person is committable to an institution for the mentally defective or retarded or the mentally ill, is not treatable in any available

which permit transfer of authority when certain preconditions are met. Exercising the discretion granted by Hawaii Family Court Rule 128,[2] the court first issued an Order of Examination and Appointment of Diagnostic Team, directing that Doe be examined by a court-appointed psychologist "to determine and advise the Court whether . . . [Doe] is committable to an institution for the mentally defective or retarded or the mentally ill," as well as a three-member diagnostic team, of which the psychologist was also a member, "to investigate and advise the Court whether . . . [Doe] is treatable in any available institution or facility within the State designed for the care or treatment of children or adults under 20 years of age, or whether the safety of the community requires that . . . [Doe] continue under judicial restraint for a period extending beyond the age of 20 years." The appointed examiners were instructed to submit their reports to the court by November 24, 1982.

On November 18, 1982, however, they advised the family court of an inability to examine Doe because of his refusal to appear and answer questions. They explained that Doe's counsel "informed the team members he [counsel] would be available to receive questions from the team members and to relay and discuss the questions with the minor"; but Doe "may or may not respond to the questions and any response would be in writing." Concluding this arrangement would rule out a proper examination, the team ignored counsel's proposal and filed the following finding instead: that no statement could be made "as to whether the minor is committable to an institution for the

---

institution or facility within the State designed for the care and treatment of children, or that the safety of the community requires that the person continue under judicial restraint for a period extending beyond the person's minority.

[2] Hawaii Family Court Rule 128 states:

INITIATION OF PROCEEDING. Whenever transfer proceedings under Hawaii Revised Statutes section 571-22 are contemplated, whether by motion filed with the court or upon suggestion by a family court officer or other agency, a judge of the family court may issue an order of examination appointing a diagnostic team to investigate the matter and make a recommendation as to whether or not the statutory criteria of Hawaii Revised Statutes section 571-22(a) are met, and whether or not the persons should be waived for criminal proceedings. If no such team is appointed, such investigation may be made by the court's staff.

mentally defective or retarded or the mentally ill" or "as to whether the minor is treatable in an available institution or facility within the State designed for the care and treatment of children" since no interview of Doe was possible. The team members nevertheless

> unanimously agreed that the safety of the community requires that the minor continue under judicial restraint for a period extending beyond age 20 years based on the following:
>
> 1. Severity of the offense coupled with the minor's age;
> 2. Previous history with the court which includes a prior adjudication for possession of a prohibited firearm;
> 3. There appears to be an escalation in the seriousness of the offenses for which he is now being referred.

Consequently, "the Diagnostic Team members recommend[ed] that the Petition for Waiver of Jurisdiction be GRANTED."

A hearing on the Petition for Waiver of Jurisdiction was conducted by the family court on January 14, 1983, immediately after it denied the State's Motion for Continuance and to Compel Compliance with Order of Examination. Finding the State

> failed to prove by substantial evidence that: a) ... [Doe] is not committable to an institution for the mentally defective or retarded or the mentally ill, b) ... [Doe] is not treatable in any available institution or facility within the State designed for the care and treatment of children, or c) the safety of the community requires that ... [Doe] continue under judicial restraint for a period extending beyond his minority,

the court denied the waiver petition.

When a Motion for Reconsideration was rejected, the State noted its intention to seek appellate review of the family court's decision to retain jurisdiction over the minor. The court, however, promptly scheduled an adjudicatory hearing on the purported law violations, which the State sought to have held in abeyance pending appeal. And when the request was denied, the State attempted to secure similar relief from this court through an Ex Parte Motion Staying Proceedings in the First Circuit Family Court Pending Appeal of Denial of Waiver

Petition. But we could not act affirmatively on the substantively deficient pleading submitted by the Prosecuting Attorney.

The unsuccessful attempt to have this court bring a halt to the adjudicatory proceedings was followed by the instant Petition for Writ of Prohibition. The petition, unlike the prior abortive effort to stop the family court adjudication of Doe's status, recited possible grounds for intercession on the State's behalf, and we temporarily stayed all proceedings below pending disposition of the request for extraordinary relief.

## II.

The primary relief requested in the Petition for Writ of Prohibition, as we have observed, is a stay of proceedings; in essence it seeks what was denied when we dismissed the earlier motion for stay of the proceedings below pending its appeal. Before addressing the question of whether the requested ancillary relief is appropriate, we must decide whether the State may appeal from a family court refusal to relinquish authority over a juvenile offender. The issue is one we have not encountered previously.

### A.

We are bound here by the principle that "the right of appeal ... exists only when granted by constitution or statute." *State v. Shintaku,* 64 Haw. 307, 310, 640 P.2d 289, 292 (1982); *see also Chambers v. Leavey,* 60 Haw. 52, 57, 587 P.2d 807, 810 (1978); *Samuel Mahelona Memorial Hospital v. County of Kauai Civil Service Commission,* 46 Haw. 260, 263, 377 P.2d 703, 705 (1962); *In re Sprinkle & Chow Liquor License,* 40 Haw. 485, 491 (1954). And we have not been directed to a constitutional or statutory provision that expressly grants the State a right of appeal in this instance.

But the Prosecuting Attorney purports to find implied authority therefor, claiming "the proposition that an order against waiving jurisdiction is appealable by the State" is implicit in HRS § 571-22.5. The cited provision, however, renders an order *waiving* jurisdiction appealable by a defen-

dant only after trial; it reads:

> Appeal of waiver of jurisdiction. An order waiving jurisdiction shall not be appealable as a final order, but may only be appealable in conjuction [sic] with an appeal of all other issues after a trial on the charge against such minor or adult.

Nothing therein even hints that the State may also seek appellate review of an order *denying* waiver of jurisdiction. Nor is there anything in the relevant legislative history suggesting there may be more to the statute than appears on its face. *See* Hse. Stand. Comm. Rep. No. 493-80, in 1980 House Journal, at 1493-94; Sen. Stand. Comm. Rep. No. 1006-80, in 1980 Senate Journal, at 1519; Conf. Comm. Rep. No. 18-80, in 1980 House Journal, at 1077-78; Conf. Comm.Rep. No. 41-80, in 1980 Senate Journal, at 961-62. If a means for appeal by the State has been established, it would have to be elsewhere.

## B.

The statutory section covering appeals from family court orders and judgments in general is HRS § 571-54, which states in pertinent part that "[a]n interested party aggrieved by any order or decree of the court may appeal to the supreme court for review of questions of law and fact upon the same terms and conditions as in other cases in the circuit court." While the State is an interested party in a transfer proceeding, we do not view it as one aggrieved by a judicial decision to promote the rehabilitation of a juvenile offender under family court auspices rather than subject him to adult procedures. Significantly, the Prosecuting Attorney does not argue that his claim of a right to appeal rests upon HRS § 571-54. We thus conclude the State is not an "aggrieved party"[3] when a waiver petition is denied and it lacks standing to appeal here.

---

[3] *Black's Law Dictionary* 60 (5th ed. 1979) defines an "aggrieved party" in these terms:

> One whose legal right is invaded by an act complained of, or whose pecuniary interest is directly affected by a decree or judgment. One whose right of property may be established or divested. The word "aggrieved" refers to a substantial grievance, a denial of some personal or property right, or the imposition upon a party of a burden or obligation.

### III.

The holding that appeal rights have not been extended to the State in the situation before us, of course, precludes the issuance of an order restraining the court below until our review has been completed. Yet, this does not necessarily draw our inquiry to a close; for we may still intercede and cure a judicial lapse in the rare case where a need for extraordinary relief has been pleaded and demonstrated. This may be such a case.

### A.

Though a writ of prohibition was the primary remedy prayed for, the State's pleadings were actually ambivalent in this regard. While the original petition sought prohibitory relief to protect the appeal, the Prosecuting Attorney's supplemental memorandum hedged in requesting a remedy and prayed in the alternative for an order "directing the court below to follow the statutory rules," which we read as a plea for relief by way of mandamus.

The extraordinary writ of mandamus is utilized on occasion "to require . . . [an inferior tribunal] to act in accordance with its prescribed powers when it . . . [is] its duty to do so." *State v. Shintaku,* 64 Haw. at 312, 640 P.2d at 293. Resort to mandamus is justified where the "petitioner has a 'clear and indisputable' legal right to performance of a duty owed by respondent . . . and . . . [the] petitioner lacks other means of adequately redressing the wrong or of obtaining the relief sought." *Id.* at 309, 640 P.2d at 291-92 (citations omitted). The original jurisdiction vested in this court by virtue of HRS § 602-5(4)[4] and our general supervisory jurisdiction over the

---

[4] HRS § 602-5, in relevant part, states:
Jurisdiction and powers. The supreme court shall have jurisdiction and powers as follows:

. . . .

(4) To exercise original jurisdiction in all questions arising under writs directed

lower courts "to prevent and correct errors and abuses . . . where no other remedy is expressly provided by law," HRS § 602-4,[5] enable us to issue the writ when a need therefor has been shown. We think there is reason for us to act here.

## B.

Doe is now subject to the family court's authority because HRS § 571-11(1) entrusts it with exclusive original jurisdiction in proceedings "[c]oncerning any person who is alleged to have committed an act prior to achieving eighteen years of age which would constitute a violation or attempted violation of any federal, state or local law or municipal ordinance." This exclusive jurisdiction, however, may be waived under certain conditions. Should the court find "there is no evidence that the juvenile is committable to an institution for the mentally defective or retarded or the mentally ill and also that either he 'is not treatable in any available institution or facility within the State designed for the care and treatment of children' or 'the safety of the community requires that [he] continue under judicial restraint for a period extending beyond minority,'" *In re Dinson,* 58 Haw. 522, 526-27, 574 P.2d 119, 123 (1978), it may relinquish its authority in favor of the circuit court, where he would be subject to criminal procedures.

Acting in his capacity as the public officer primarily charged with initiating criminal prosecutions in the City and County of Honolulu, *see Amemiya v. Sapienza,* 63 Haw. 424, 425, 629 P.2d 1126, 1128 (1981), the Prosecuting Attorney petitioned the family court for an order effecting a transfer of

---

to courts of inferior jurisdiction and returnable before the supreme court, or if the supreme court consents to receive the case arising under writs of mandamus directed to public officers to compel them to fulfill the duties of their offices; and such other original jurisdiction as may be expressly conferred by law.

[5] HRS § 602-4 reads:

Superintendence of inferior courts. The supreme court shall have the general superintendence of all courts of inferior jurisdiction to prevent and correct errors and abuses therein where no other remedy is expressly provided by law.

authority over Doe.[6] The court found good cause in the petition for the issuance of an order pursuant to Hawaii Family Court Rule 128, which governs the initiation of waiver proceedings, directing the examination of Doe by a diagnostic team of professionals appointed "to investigate the matter and make a recommendation as to whether or not the statutory criteria of the Hawaii Revised Statutes section 571-22(a) are met, and whether or not . . . [he] should be waived for criminal proceedings."[7] But the diagnostic team's efforts, as noted earlier, were frustrated by Doe's counsel, the ordered investigation was not completed, and the determination and advice sought of the team by the court relative to Doe's committability to an institution for the mentally defective, retarded or ill and his treatability in a facility for the care and treatment of children did not materialize.

Shortly before the scheduled hearing on the petition, upon learning the examiners had been stymied by the recalcitrance of Doe and his counsel, the Prosecuting Attorney moved to compel their compliance with the order of examination and for

---

[6] Doe argues, *inter alia,* that the Prosecuting Attorney's Office "is not a proper party to this action and is, in fact, operating beyond the scope of its authority," because "[t]he Prosecutor is only vested with authority to proceed in criminal cases, and this case . . . clearly is not criminal in nature." The claim is without merit. In our opinion the duty of "initiating and conducting criminal prosecutions," Amemiya v. Sapienza, 63 Haw. at 425, 629 P.2d at 1128, encompasses the filing of a waiver petition where it appears advisable, since the petition is a necessary prelude to the prosecution of an offender who would otherwise be subject to exclusive family court jurisdiction.

[7] The actual order, in relevant part, read as follows:

IT IS ORDERED THAT THE above-named subject be examined by Dr. William R. Perry, Psychologist who is hereby appointed to determine and advise the Court whether said subject is committable to an institution for the mentally defective or retarded or the mentally ill, and

IT IS FURTHER ORDERED that the above-named subject further be examined by

DR. WILLIAM R. PERRY, Psychologist

MR. MELVIN T. TAWARA, Family Court, C&YSB

MR. NATHANIEL KIM, Adult Probation Division

who are hereby appointed to investigate and advise the Court whether said subject is treatable in any available institution or facility within the State designed for the care or treatment of children or adults under 20 years of age, or whether the safety of the community requires that said subject continue under judicial restraint for a period extending beyond the age of 20 years.

a continuance of the hearing until the examiners were able to complete the tasks assigned by the court. Although the procedural rule governing such hearings expressly provides "[t]he transfer hearing shall not commence until the transfer investigation has been completed,"[8] the court denied the foregoing requests, proceeded with the hearing, and dismissed the petition for want of substantial evidence on the matters it had ordered the examiners to investigate, determine, and submit recommendations on. In the course of the hearing, it summarily rejected the Prosecuting Attorney's requests that the State be allowed to call as a witness another psychologist who had previously examined Doe and that judicial notice be taken of the family court records pertaining to Doe.

## C.

Given these circumstances, we would have to honor the State's plea that the court below be directed "to follow the statutory rules." For there was an indisputable failure on the court's part "to act in accordance with its prescribed powers when it was its duty to do so." *State v. Shintaku,* 64 Haw. at 312, 640 P.2d at 293.

We are not speaking here, of course, about the order denying the waiver petition itself, for a decision premised largely on discretionary authority is normally free from recall by mandamus. *Id.; In re Tactacan,* 42 Haw. 141, 142-43 (1957); *cf. Fong v. Sapienza,* 39 Haw. 79, 81 (1951) (mandamus does not lie to

---

[8] Hawaii Family Court Rule 129, adopted by this court to govern waiver hearings conducted pursuant to HRS § 571-22(a), states:

TRANSFER HEARING. The transfer hearing shall not commence until the transfer investigation has been completed and is embodied in a written report. This report shall also transmit to the court all records considered by the diagnostic team or court's staff in making its recommendation. If the court wishes additional information not contained in the report, the hearing may be continued.

The person shall be represented by counsel at any transfer hearing.

The report of the transfer investigation shall be made available to counsel for all parties prior to the commencement of the hearing.

If, after the transfer hearing, the court orders the case to be transferred to criminal court, it shall make and enter specific findings supporting its decision.

control judicial discretion, except where there is "a clear, manifest, otherwise irremedial abuse resulting in a denial of justice"). We are referring to the court's action in proceeding to hear the waiver petition despite a clear mandate not to.

The statutory foundation of the family court's power to waive jurisdiction and order a minor to be held for criminal prosecution is HRS § 571-22. But § 571-22 sanctions a transfer of authority only "after full investigation and hearing." In accord therewith, we have made an investigation by a diagnostic team or the family court's staff the mandatory antecedent of a waiver hearing. *See* Haw. Fam. Ct. Rules 128 and 129. The court in this instance chose to have the investigation conducted by a diagnostic team and ordered that Doe be examined by its members. However, they could not conduct a "full investigation" and so informed the court. Yet no steps were taken to enable the examiners to complete the assigned task, even in the face of a specific request therefor by the State.

The State undoubtedly had a right to have lawful procedure followed in the consideration of its petition. Ordinarily, a judicial lapse would be correctable on appeal; but we concluded earlier that relief for the State through the avenue of appeal was precluded in this case. Thus, we are presented with a rare situation where mandamus lies to direct the action of a court below.

Our decision to issue a writ is influenced in large degree by what we perceive may be the consequence of a decision not to. The widespread adoption of counsel's defiant ploy may well cause HRS § 571-22 to go for naught, and we would be remiss if we permitted the modicum of ingenuity displayed here to have this effect.

A writ will issue, and the family court will be directed to set aside the order denying the Petition for Waiver of Jurisdiction, to compel compliance with the Order of Examination and Appointment of Diagnostic Team,[9] and to conduct a rehearing

---

[9] Should Doe's refusal to be examined or answer questions continue thereafter, the family court would be justified in finding at the reconvened hearing that there is no evidence that he is not committable to an institution for the mentally defective or retarded or the mentally ill and he is not treatable in any available institution or facility within the State designed for the care and treatment of children.

on the petition upon the completion of the investigation by the diagnostic team.

It is so ordered.

*J. Leo McCormick, Darwin L. D. Ching, Arthur E. Ross,* Deputies Prosecuting Attorney, for petitioner.

*Reginald P. Minn,* for respondent Doe.