In the Interest of JOHN DOE, born on September 22, 1965, Juvenile-Appellee

NO. 9364

(FC-J NO. 79-33163-A)

DECEMBER 3, 1984

LUM, C.J., NAKAMURA, PADGETT, HAYASHI AND WAKATSUKI, JJ.

OPINION OF THE COURT BY LUM, C.J.

The State of Hawaii appeals from an order of the family court dismissing its petition for waiver of family court jurisdiction over

Appellee John Doe. We are called upon to decide whether the State may appeal such a dismissal under the circumstances of this case, and whether a juvenile is entitled to a probable cause hearing before the State may successfully seek waiver pursuant to Hawaii Revised Statutes (HRS) § 571-22(c) (Supp. 1983). For the reasons discussed below, we hold that the State may not appeal such a decision. However, relying on our power to grant the extraordinary remedy of mandamus, we direct that the family court must determine that the preconditions for waiver under HRS § 571-22(c) were not met before it may dismiss the waiver petition.

The State sought a waiver of juvenile court jurisdiction in this case pursuant to HRS § 571-22(c) (Supp. 1983), Hawaii's so-called automatic waiver provision. After denying Doe's motion to dismiss the State's petition, the family court judge directed that Doe was entitled to a probable cause hearing on the allegations contained in the police petition.[1]

The judge before whom the probable cause hearing was set expressed his doubts that statutory grounds existed for a probable cause hearing requirement under HRS § 571-22(c). He subsequently granted the State's motion to dismiss the probable cause hearing.

Due to the dismissal of the probable cause hearing, the referring judge dismissed the State's waiver petition *sua sponte* on June 3, 1983.

A.

As a threshold matter, we must decide whether the State may appeal the family court's dismissal of its § 571-22(c) petition for waiver of juvenile court jurisdiction. "We are bound here by the principle that 'the right of appeal . . . exists only when granted by constitution or statute.' " (Citations omitted.) *State v. Town*, 66 Haw. 516, 521, 668 P.2d 25, 30 (1983). The only statutory provision dealing expressly with waiver and appeals provides:

An order waiving jurisdiction shall not be appealable as a final

---

[1] Doe was charged with the offenses of attempted murder, theft and unauthorized control of a propelled vehicle arising out of events occurring on May 6, 1982. Doe was sixteen years and eight months old at the time.

order, but may only be appealable in conjunction with an appeal of all other issues after a trial on the charge against such minor or adult.

HRS § 571-22.5 (Supp. 1983). This court, in *State v. Town,* 66 Haw. 516, 668 P.2d 25, held that this provision did not enable the State to appeal from a denial of waiver in the context of a discretionary waiver petition under HRS § 571-22(a).

The State argues, however, that appellate jurisdiction could be grounded on HRS § 571-54 (Supp. 1983), the general appeals provision applicable to family courts. It provides in pertinent part:

An interested party aggrieved by any order or decree of the court may appeal to the Supreme Court for review of questions of law and fact upon the same terms and conditions as in other cases in the circuit court. . . .

This court in *Town, supra,* said in dictum that although the State had not argued that § 571-54 would confer appellate jurisdiction over a waiver denial, that section would not have such an effect. "While the State is an interested party in a transfer proceeding," the court opined,

we do not view it as one aggrieved by a decision to promote rehabilitation of a juvenile offender under family court auspices rather than subject him to adult procedure . . . . We thus conclude the State is not an "aggrieved party" when a waiver petition is denied and it lacks standing to appeal here.

66 Haw. at 522, 668 P.2d at 29.

The State, while urging that the resolution of automatic waiver petitions must be distinguished from the resolution of discretionary waiver proceedings such as those specifically treated in *Town,* has failed to advance concrete State interests which are infringed by the denial of an automatic waiver petition. Significantly, it has also failed to establish why the State should be given a broader right to appeal waiver decisions adverse to it than that accorded to juvenile defendants by HRS § 571-22.5. In the absence of a specific statutory grant of the right to appeal, the State fails to make a convincing showing that it is a "party aggrieved" within the meaning of HRS § 571-54.

As in *Town,* however, our holding that the State has not been accorded the right to appeal does not end our inquiry. We have determined that the judicial lapse in this case is such that a need for

extraordinary relief has been pleaded and demonstrated. 66 Haw. at 523, 668 P.2d at 29. In *Town*, the State sought relief in the nature of a writ of prohibition, which because of the nature of the claim involved, we recharacterized as a plea for relief in the form of mandamus. *Id.* We deemed grant of a writ of mandamus appropriate in part due to our "general supervisory jurisdiction over the lower courts 'to prevent and correct errors and abuses . . . where no other remedy is expressly provided by law.' " *Id.*

In the instant case, as in *Town*, mandamus is called for because the nature of the relief granted, *infra*, will be to require an inferior tribunal to act in accordance with its prescribed powers. *Id.* The consequence of our determining that the State is without an avenue of appeal in these circumstances may mean that, in the future, the fate of a juvenile defendant could depend upon whether the judge presiding over his waiver hearing reads HRS § 571-22(c) to require a probable cause determination or not. A grant of mandamus in this situation will ensure that a lawful and consistent reading of the requirements of HRS § 571-22(c) will henceforth be available. Such a result accords with the appropriate use of mandamus — to confine an inferior tribunal to the lawful exercise of its proper jurisdiction. *State v. Shintaku*, 64 Haw. 307, 312, 640 P.2d 289, 293 (1982).

B.

The petition for waiver in this case was dismissed due to the referring judge's belief that before a juvenile could be waived pursuant to § 571-22(c) a probable cause hearing on the allegations in the police petition was required. We find this conclusion to be unsupported by statutory or constitutional law.

The statute provides:

(c) If, incident to a hearing at which the person's prior court record under section 571-11(1) is established, the court determines that a minor of at least the age of sixteen has been charged with an act which would constitute a class A felony if committed by an adult and that the person is not committable to an institution for the mentally defective or retarded or the mentally ill, the court shall waive jurisdiction and order the minor held for criminal proceedings, if such minor has been previ-

ously determined by a court to be a law violator by:

>   (1)  Committing any act involving force or violence or the threat of force or violence and which is prohibited by law as being a class A felony; or
>
>   (2)  Committing two or more acts within the two years preceding the date of the offense for which the person is presently charged which are each prohibited by law as being a felony.

HRS § 571-22(c). Clearly, the statute by its terms does not call for a finding of probable cause to believe that the juvenile committed the offenses alleged before family court jurisdiction may be waived.

While Doe argues that due process requires such a finding as a prerequisite to waiver, no court has so held. *State v. Duncan,* 250 N.W.2d 189, 196 (Minn. 1977); *In re Samuel M.,* 441 A.2d 1072, 1076, 293 Md. 83, 89 (1982). The United States Supreme Court has said that states are not foreclosed from requiring a showing by substantial evidence that the juvenile committed the charged offense as a prerequisite to transfer. *Breed v. Jones,* 421 U.S. 519, 538 n.18 (1975). No such provision has been included in HRS Chapter 571 by our legislature. *In re John Doe,* 61 Haw. 48, 53 n.7, 594 P.2d 1084, 1088 (1979). The *Breed* decision does not mandate that this court do so in its stead. *A Juvenile v. Commonwealth,* 370 Mass. 272, 279, 347 N.E.2d 677, 682 (1976). *Accord, In re John Doe,* 1 Haw. App. 243, 617 P.2d 830 (1980).

However, a minor is entitled to a hearing before jurisdiction may be waived pursuant to § 571-22(c). The statute lists the factors which must be present before automatic waiver is appropriate. The presence of these factors is determined in a hearing in which the minor's prior record is examined. The minor must be at least sixteen years old, and he must be charged with an act which would constitute a class A felony if committed by an adult. The minor cannot be committable to an institution for the mentally retarded or infirm. A court of law must have previously determined that the minor was a law violator by (1) having committed an act involving force or violence or the threat of either which is deemed a class A felony or (2) having committed two or more acts in the previous two years which would constitute felonies.

In the instant case, the State was not afforded the opportunity to demonstrate that the preconditions for waiver laid out in the

statute were satisfied by the allegations contained in the State's petition. Accordingly, we reverse the decision of the family court dismissing the State's waiver petition. A writ shall issue, and the family court will be directed to hold a hearing on the State's reinstated petition.

It is so ordered.

*Emlyn H. Higa*, Deputy Prosecuting Attorney, for plaintiff-appellant.

*Susan Lynn Arnett* for Juvenile-appellee.