TERRITORY OF HAWAII, BY B. G. RIVENBURGH, COMMISSIONER OF PUBLIC LANDS, *v.* F. G. CORREA.

## No. 1009.

### ERROR TO CIRCUIT COURT, SECOND CIRCUIT. HON. W. S. EDINGS, JUDGE.

ARGUED DECEMBER 17, 1917.          DECIDED DECEMBER 31, 1917.

### ROBERTSON, C.J., QUARLES AND COKE, JJ.

COURTS—*objection for want of jurisdiction can be raised when.*
  Objection for want of jurisdiction, if it exists, may be raised by answer or at any subsequent stage of the proceedings and may be raised for the first time on appeal. It may, as a matter of fact, be raised by the court of its own motion.

SAME—*jurisdiction of district courts in summary proceedings between lessor and lessee.*

Where a lease provides that the lessor may at any time with-
draw all or any part of the demised premises for certain enumer-
ated purposes, the refusal, after notice, of the lessee to part with
the possession of the premises required by the lessor for one of
the purposes specified in the lease constitutes a breach of a con-
dition of the lease and works a forfeiture thereof, and the lessor
may proceed under the authority of chapter 154 R. L. to regain
possession of the premises by summary proceeding.

### OPINION OF THE COURT BY COKE, J.

Summary proceedings under chapter 154 R. L. were
instituted by the defendant in error herein, who was
plaintiff below, in the district court of Makawao, county
of Maui, for the recovery of a certain lot of land con-
taining 51.50 acres, the same being lot 13 and a part of
the premises demised by the Territory of Hawaii to the
defendant, the plaintiff in error, by a general government
lease dated April 24, 1911. The land in question is situ-
ate at Omaopio and within the district of Makawao,
county of Maui. Judgment for the restitution of the
property to the Territory of Hawaii was rendered in the
district court and the plaintiff in error appealed to the
circuit court of the second circuit where judgment was
again recovered by the Territory. Correa, the plaintiff
in error, comes to this court on a writ of error. Counsel
for Correa appeared before this court and abandoned all
the specifications of error contained in his assignment of
errors and now relies solely upon his contention, which is
raised for the first time before this court, that the district
court of Makawao was without jurisdiction of the subject-
matter of the suit. It has been suggested that the juris-
dictional question cannot be raised at this late date. We
think it can. If the district court of Makawao was with-
out jurisdiction over the subject matter the entire case
necessarily falls to the ground. The objection for want
of jurisdiction, if it exists, may be raised by answer or

at any subsequent stage of the proceedings and may be raised for the first time on appeal. It may, as a matter of fact, be raised by the court of its own motion. See *Tong On* v. *Tai Kee*, 11 Haw. 424; *Brown* v. *Koloa Sug. Co.*, 12 Haw. 409; *Lewers & Cooke* v. *Redhouse*, 14 Haw. 290; 7 R. C. L. pp. 1042-3.

The question of jurisdiction being the only one properly before us we now proceed to its consideration. It is urged by counsel for the plaintiff in error that summary proceedings are strictly statutory and that the cause at bar is not such a case as is contemplated by the statute which authorizes a proceeding of this nature. Section 2754, R. L., provides:

"Whenever any lessee or tenant of any lands or tenements, or any person holding under such lessee or tenant, shall hold possession of such lands or tenements without right, after the determination of such tenancy, either by efflux of time *or by reason of any forfeiture, under the conditions or covenants in any such lease* * * * the person entitled to such premises may be restored to the possession thereof in manner hereinafter provided."

The lease between the defendant in error and the plaintiff in error contains the following clause:

"It is mutually agreed that at any time or times during the term of this lease, the land demised or any part or parts thereof may at the option of the lessor * * * be withdrawn from the operation of the lease for homestead or settlement purposes * * * and possession resumed by the lessor, in which event the land so withdrawn shall cease to be subject to the terms, covenants, and conditions of this lease, and the rent hereinabove reserved shall be reduced in proportion to the value of the land so withdrawn."

This provision of the lease is in line with the requirements of section 380 R. L. It is further provided in the lease:

"If the lessee * * * shall fail to well and truly observe, keep or perform any of the covenants and agree-

ments on his part to be observed, kept and performed * * * then and from thenceforth, in any of the said cases, it shall be lawful for the lessor, and his successors in office, without warrant or other legal process to enter into and upon the said hereby demised premises, or any part thereof, in the name of the whole, and the same to have again, repossess, and enjoy, as in their first and former estate and right, and thereby terminate this lease."

In May, 1916, the commissioner of public lands, desiring to utilize a part of the premises covered by the lease for homestead purposes, transmitted to the lessee (plaintiff in error) notice that the land in question, to wit, lot No. 13, containing an area of 51.50 acres, was withdrawn for homestead purposes and that the rental to be paid under the lease by the lessee would be reduced accordingly. The lessee (plaintiff in error) thereupon refused to surrender the lot described to the Territory, whereupon these proceedings were instituted in the district court of Makawao. This court said in *Harrison* v. *McCandless*, 22 Haw. 129, 130: "The summary proceeding was provided for the protection of landlords against tenants who have violated some material condition of the lease, or wrongfully withhold possession after expiration of the lease, in order to avoid the delay and expense incident to actions in ejectment." The lessee (plaintiff in error) subscribed to the terms of the lease which provided among other things that the Territory should have the right to withdraw all or any part of the demised premises for the several public purposes mentioned in the lease, and which included homestead purposes, at any time, and it follows that in order to effectuate this provision there necessarily existed an implied agreement upon the part of the lessee to peaceably surrender possession of so much of the demised premises as might be required by the Territory for any of the purposes set forth in the lease, when requested to so do. The refusal

of the lessee to part with the possession of the lot required by the Territory constituted a breach of a condition of the lease and worked a forfeiture thereof in so far as the same related to the lot in question. It follows then that a forfeiture having occurred the Territory had the right to proceed under the authority of chapter 154 R. L. to regain possession of the premises by summary proceedings.

The judgment is affirmed.

*Eugene Murphy* for plaintiff in error.

*C. S. Franklin,* Deputy Attorney General, for defendant in error.