In the Interest of JOHN DOE Born on October 30, 1959, Juvenile-Appellant

NO. 6543

AUGUST 2, 1979

RICHARDSON, C.J., OGATA AND MENOR, JJ.,
RETIRED JUSTICES MARUMOTO AND KOBAYASHI
ASSIGNED BY REASON OF VACANCIES

---

168

*Per Curiam.* Once again we have before us an appeal from an order of the Family Court waiving jurisdiction over a juvenile and transferring him to the circuit court for trial as an adult. The recurring issue in this case and other similar cases is the adequacy of a family court's order which consists only of conclusory statements and a mere recital of the statutory requirements. *See State v. Stanley,* 60 Haw. 527, 592 P.2d 422 (1979); *In re John Doe,* 61 Haw. 48, 594 P.2d 1084 (1979). We vacate the order and remand the case for further proceedings.

Appellant John Doe (hereinafter, Doe), was by petitions filed November 19, 1976, alleged to have committed the offenses of murder and attempted rape in the first degree when he was sixteen years old. On November 30, 1976, the Prosecuting Attorney filed a petition for waiver of the Family Court's jurisdiction over Doe pursuant to HRS § 571-22(a) (1976). This part of the section provides that, after a full investigation and hearing, the Family Court may waive a juvenile for trial in circuit court, if the juvenile, on or after his sixteenth birthday, allegedly committed an act, which would

be a felony if committed by an adult *and* the court finds that he is not committable to an institution for the mentally defective, retarded or mentally ill, is not treatable in any available institution in the state designed for the treatment of juveniles, or that the safety of the community requires that he continue under judicial restriction beyond his minority. At a hearing held on January 5, 1977, the court-appointed psychologist testified that Doe showed no signs of mental retardation or mental illness and was therefore not committable to an institution for the mentally ill or retarded. The other two members of the court-appointed diagnostic team, who examined Doe on one occasion, and the fourth member of the team, who had seen Doe on more than one occasion, all concluded that he was not treatable in an available institution or facility within the State designed for the care and treatment of children. Doe called no witnesses. At the conclusion of this hearing, the Family Court rendered its oral decision which granted the State's petition for waiver of family court jurisdiction over Doe, with the understanding that the waiver order would be effective on January 20, 1977. A written order to this effect was filed on January 20, 1977.

Although Doe advances several grounds for attacking the validity of the waiver order, the only issue which merits our consideration is whether the waiver order was so defective that it should be vacated.[1] We agree that the Family Court failed to include in its order or in the record, a sufficient

---

[1] The appeal also raises the issue of whether the State had to show by a preponderance of the evidence that the juvenile committed the offenses — a question previously decided in *In re John Doe*, 61 Haw. 48, 594 P.2d 1084 (1979). In *Doe* we pointed out that introduction of evidence for the purpose of showing by a preponderance that the minor committed the offenses alleged would cause jeopardy to attach and foreclose subsequent criminal prosecution. Moreover, we said that the ultimate concern "is not whether the minor committed the offenses alleged, but whether sufficient evidence has been adduced to justify waiver under the standards specified in HRS § 571-22 (1976)." *In re John Doe, supra*, 61 Haw. at 54, 594 P.2d at 1088. Thus for purposes of a waiver hearing, the charges against a minor are presumed to be true and the State need not prove by a preponderance of the evidence that the offenses were in fact committed.

statement of the reasons for the waiver. The order is set out in its entirety in the margin.[2]

The waiver procedure set out in HRS § 571-22(a) (1976), provides the means by which the Family Court determines that an accused child is not a suitable subject for the special treatment available for child offenders. A waiver determination is a "critical stage" for a juvenile offender, for once the protective jurisdiction of the Family Court is waived, the juvenile is subject to face trial as an adult, with all the attendant consequences. *State v. Stanley, supra,* 60 Haw. at 536, 592 P.2d at 427; *Kent v. United States,* 383 U.S. 541 (1966).

While the decision to waive jurisdiction rests in the sound discretion of the Family Court, that discretion must be exercised within the bounds of due process, which requires, in addition to a hearing and assistance of counsel (not at issue in

---

[2] The waiver order provides in full as follows:

The Petitions for Waiver of Jurisdiction filed on behalf of the State of Hawaii by its Acting Prosecuting Attorney of the City and County of Honolulu, having come on to be heard on the 5th day of January, 1977, before the Honorable John T. West, Jr., Judge of the above-entitled Court and full investigation having been made as required by § 571-22 *H.R.S.* and the person, [JOHN DOE], being present and represented by his attorney, Michael Weight; and the State being represented by James Nagle, Deputy Prosecuting Attorney; and this Court having considered all the evidence presented and the files of the Family Court including those submitted by the persons appointed to investigate and advise the Court, doctors appointed by the Court to make and report on the mental and physical condition of [JOHN DOE] as well as oral arguments on his behalf, the Court waived jurisdiction over the person and offenses of [JOHN DOE] whose birthdate is October 30, 1959, and who, by two separate petitions filed in this Court on November 19, 1976, was charged with the offenses: Murder and Attempted Rape in the First Degree. The Court further determined, based on all the evidence adduced and the Court's files and records of which it took judicial notice, that the said [JOHN DOE] was sixteen years of age at the time of the alleged offenses, which offenses would constitute felonies if committed by an adult, and that:

(a) [JOHN DOE] is not committable to an institution for the mentally defective or retarded or the mentally ill, nor is he treatable in any available institution or facility within the State designed for the care and treatment of children;

(b) the safety of the community requires that [JOHN DOE] continue under judicial restraint for a period extending beyond his minority.

It is hereby ordered, adjudged, and decreed that this Court waive jurisdiction over said [JOHN DOE].

this appeal), a statement of reasons supporting the decision to waive. *State v. Stanley, supra; In re John Doe, supra.* The "full investigation and hearing" required by HRS § 571-22(a) (1976) cannot be a mere ritual. To insure that it is not, and to provide a basis for review, the law requires a statement of reasons for the Family Court's decision. We said in *Stanley* and in *Doe* that if the reasons motivating the exercise of the Family Court's discretion in ordering the waiver sufficiently appears in the record to permit meaningful review of the discretion exercised, the requirement of a statement of reasons is satisfied. For example, in *Stanley,* the family court judge, during the course of the waiver hearing, specifically pointed out the reasons for the waiver. *State v. Stanley, supra,* 60 Haw. at 536-537, 592 P.2d at 428. In *Doe,* the statements by the family court judge at the juvenile's motion for rehearing and reconsideration were held to be sufficient to show that the statutory requirement of "full investigation" had been made. *In re John Doe, supra,* 61 Haw. at 56, 594 P.2d at 1090. The record in the instant case falls far short of the minimum standards set forth in *Stanley* and in *Doe*. In this case, the family court judge rendered his oral decision to waive but the record fails to reflect any reasons for his decision. Further, we are compelled to again comment on the practice of electronically tape recording the proceedings of a waiver hearing for subsequent transcription. See, *State v. Stanley, supra,* note 13. During the family court's oral decision, the record reflects that the tape malfunctioned at a critical time. The duration or extent of the malfunction is not indicated. Also, there are numerous instances where the statements of the court or parts thereof are omitted and in lieu thereof the word "indiscernible" has been substituted. We do not venture any guesses as to what, if anything, was said by the family court judge; but mechanical malfunctions and such substitutions make full review difficult, if not impossible. We will not assume that a family court which has not expressed the basis for its waiver had found the facts necessary to such a decision.

As an additional matter, we wish to point out that Rule 129 of the Family Court Rules requires that "[i]f after the transfer

hearing, the court orders the case to be transferred to criminal court, it shall make and enter *specific findings* supporting its decision.'' (Emphasis added.) We said in *Stanley* and in *Doe* that the statement of reasons need not be formal or necessarily include conventional findings of fact. The waiver orders in those two cases, however, antedated the approval by the Supreme Court of the Family Court Rules. These rules, which became effective February 15, 1977, have been approved by this Court and thus have the force and effect of law. HRS § 602-21 (1976). Rule 129 is not a directory rule which may be dispensed with at the discretion of an individual judge. It was intended to be mandatory and leaves no room for an individual judge to disregard it. These rules are binding on the court as well as the parties appearing before it. In order to ensure proper appellate review and compliance with the court rule, all waiver orders filed after the issuance of this opinion are required to conform to Rule 129.

For the foregoing reasons, the order waiving the Family Court's jurisdiction is vacated; and this matter is remanded to the family court for further proceedings consistent with this opinion.

*Michael A. Weight (Weight and Ellsworth* of counsel) for Juvenile-Appellant.

*Michael A. Lilly,* Deputy Attorney General, for State of Hawaii, Plaintiff-Appellee.