In the Interest of JOHN DOE Born on August 16, 1959, Minor-Appellant

NO. 6830

DECEMBER 21, 1979

RICHARDSON, C.J., OGATA AND MENOR, JJ.,
RETIRED JUSTICES MARUMOTO AND KOBAYASHI
ASSIGNED BY REASON OF VACANCIES

*Per Curiam.* Minor-appellant John Doe (hereinafter "Doe") appeals from an order waiving Family Court jurisdiction and transferring him to Circuit Court for trial as an adult. Recently, we have seen a spate of cases questioning, among other issues, the adequacy of the Family Court's waiver order. *In re John Doe,* 61 Haw. 167, 598 P.2d 176 (1979); *In re John Doe,* 61 Haw. 48, 594 P.2d 1084 (1979); *State v. Stanley,* 60 Haw. 527, 592 P.2d 422 (1979). Our concern in this case, however, is whether, on the merits, Doe should have been waived to Circuit Court. Doe argues that the Family Court

abused its discretion in waiving him to Circuit Court. We agree and reverse the order granting waiver.

By petition filed August 11, 1977, in the Family Court of the Third Circuit, Doe, born on August 16, 1959, was charged with robbery in the second degree, in violation of HRS § 708-841 (1976) and theft in the first degree, in violation of HRS §§ 708-830 and 708-831 (1976). These charges arose out of an incident which occurred on April 10, 1977, when Doe and another juvenile were at Akaka Falls on the island of Hawaii. They had gone there to see the falls and while walking back to their jeep, "began talking about scaring tourists with [the other juvenile's] rifle." The other juvenile had the rifle in the trunk of his jeep because earlier that day he had planned to go hunting but had not gone because he could not find anyone to go with him. He and Doe brandished the rifle at the victim whose traveller's checks and cash they took but apparently they did not physically touch him.

As a juvenile, Doe was subject to the exclusive jurisdiction of the Family Court, HRS § 571-11 (1976) unless, the court, after "full investigation" should waive him for trial as an adult. HRS § 571-22(a)(1976). A petition for waiver of jurisdiction was filed on August 15, 1977. An Order of Examination and Appointment of Diagnostic Team was filed on August 17, 1977. A hearing on the petition was held on September 28, 1977. The Family Court granted the waiver at the hearing. The order waiving Family Court jurisdiction was filed on November 9, 1977.

HRS § 571-22(a)(1976) sets forth the circumstances under which Family Court jurisdiction may be waived and reads as follows:

§ 571-22 Waiver of jurisdiction; transfer to other courts. (a) The court may waive jurisdiction and order a minor or adult held for criminal proceedings after the full investigation and hearing where the person during his minority, but on or after his sixteenth birthday, is alleged to have committed an act which would constitute a felony if committed by an adult, and the court finds there is no evidence the person is committable to an institution for the mentally defective or retarded or the mentally ill, is

not treatable in any available institution or facility within the State designed for the care and treatment of children, or that the safety of the community requires that the person continue under judicial restraint for a period extending beyond his minority.

The waiver order states that there was no evidence that Doe was committable to a mental institution, that he was not treatable in an available juvenile institution within the state and that the safety of the community required his confinement beyond the age of minority.

The standard of review of a Family Court waiver decision is whether there was an abuse or mistaken exercise of discretion. *State v. Stanley, supra.* Otherwise phrased, the

question is not whether the reviewing court agrees with the court below, but rather whether it believes that the judicial mind in view of the relevant rules of law and upon due consideration of the facts of the case could reasonably have reached the conclusion of which complaint is made. *State v. Tominaga,* 45 Haw. 604, 624, 372 P.2d 356, 362 (1962).

Much discretion is placed in the hands of the Family Court judges in deciding whether a child is an unfit subject for rehabilitation under facilities and programs available to the Family Court but that discretion must be exercised within the bounds of due process. *In re John Doe, supra; State v. Stanley, supra.* Due process in the waiver context is not, however, limited only to procedural regularity — that is, a hearing, assistance of counsel and a statement of reasons supporting the decision. There must also be substantial evidence upon which to base the decision to waive the child. *See, In the Matter of F.S.,* 586 P.2d 607 (Alaska 1978); *State v. Green,* 218 Kan. 438, 544 P.2d 356 (1975). "Substantial evidence" is "credible evidence which is of sufficient quantity and probative value to justify a reasonable man in reaching a conclusion." *Shoemaker v. Takai,* 57 Haw. 599, 561 P.2d 1286 (1977).

Although the court's finding that there was no evidence that Doe was committable to a mental institution is supported

by substantial evidence,[1] the court's findings of nonamenability to treatment in an available juvenile institution and requirement of confinement beyond the age of minority is not similarly supported. The State argues that Doe's age (17 years old) and the serious nature of the alleged offense (armed robbery) constitute substantial evidence which support the finding that the safety of the community required judicial restraint of Doe for a period extending beyond his minority. The State also argues that the Hawaii Youth Correctional Facility representative's opinion that Doe could learn negative behavior if confined there supports the finding that Doe was not treatable in an available juvenile institution within the State.

We disagree. Our review of the record discloses no substantial evidence to support the findings that Doe would pose a danger to the community or that he would not have been treatable at a juvenile institution within the State. We hold that the granting of waiver in this case was an improvident exercise of the Family Court's discretion. The Court placed undue emphasis on the youth's age and the nature of the offense. The Court stated at the waiver hearing that:

> One side we got the so-called welfare of the individual involved, but I think it would be good to have such an individual treated as an adult. They displayed conduct that criminal adults display, armed robbery. . . . And I feel this way, as far as the youthful offenders are concerned, when they commit a serious crime or charged with a serious crime, they should be treated as adults. . . . So, as far as this court is concerned, I am granting the petition for waiver of jurisdiction. . . . As far as I'm concerned, when they want to commit adult crimes, they're going to be treated as adults.

To be sure, the child's age and the alleged offense are relevant considerations, but the court was unduly influenced by

---

[1] The psychologist who was appointed to advise the Family Court recommended in his report that based on the data available to him, Doe was "not committable to an institution for the mentally defective or retarded, or the mentally ill."

these two factors. Its decision was based on a mistaken interpretation of the statutory intent of HRS § 571-22(a). The Legislature did not exclude armed robbery or 17-year olds from Family Court jurisdiction, so there is no presumption that a 17-year old who has allegedly committed armed robbery cannot be rehabilitated as a juvenile. The underlying philosophy of the Family Court chapter in our laws is to provide juveniles with individualized attention and the court's over-emphasis on the offense and age, in view of the youth's exemplary background, is inconsistent with this philosophy. Here was a juvenile who had no prior or subsequent history of involvement in law violations which would indicate lack of respect for the law or hostility towards society tending to show that he could be a danger to society. Doe and his brother had been living with their foster family since 1968 and neither the brother nor any member of the foster family has ever been arrested. In fact, the Family Court, in summarizing the evidence states that the juvenile "appears to have a stable home life and an apparent good future." The record also indicates that Doe was remorseful about the incident and that after graduation from high school, has been attending a community college. The diagnostic team and the family and probation services officer recommended against waiver. The report submitted by the family and probation services officer stated that Doe *would* be treatable at the Hawaii Youth Correctional Facility, an institution within the state designed for the care and treatment of children. However, a representative of the facility felt that placing Doe on probation would be more appropriate because if committed there, Doe could learn negative behavior. To infer as the Family Court did from the Facility's position that because Doe could learn negative behavior, he should not be sent there and that therefore, he would not be treatable in any juvenile institution is akin to penalizing Doe for being "good." This kind of reasoning would inject into waiver proceedings the anomalistic proposition that waiver should be granted because the child is "too good" for placement in the youth correctional facility. It is true that the Family Court is not required to follow the recommendations of the diagnostic team and indeed, it is ex-

pected to exercise its discretion in assessing all the evidence. Its findings, however, must be supported by substantial evidence and there is none in this case. We reverse the order waiving family court jurisdiction.

*Joanne Lanham,* Deputy Public Defender *(Stanford H. Masui,* Deputy Public Defender, on the brief), for minor-appellant.

*Jon R. Ono,* Prosecuting Attorney, County of Hawaii, for State of Hawaii.