In the Interest of JOHN DOE, Born on September 24, 1958, Juvenile-Appellant

NO. 6831

and

STATE OF HAWAII, Plaintiff-Appellee, *v.* JOHN DOE, Defendant-Appellant

NO. 6911

FEBRUARY 25, 1980

RICHARDSON, C.J., OGATA AND MENOR, JJ.,
RETIRED JUSTICES MARUMOTO AND KOBAYASHI,
ASSIGNED BY REASON OF VACANCIES

*Per Curiam.* Appellant John Doe[1] (hereinafter "Doe") appeals from an order waiving Family Court jurisdiction[2] and from an order denying a motion to dismiss a Grand Jury indictment which was returned subsequent to his waiver for trial as an adult in Circuit Court. These appeals were consolidated prior to argument. Doe raises numerous issues in his appeals but our paramount decision to reverse the Family Court order waiving its jurisdiction and to remand for further proceedings is based on the Family Court's failure to conduct "full investigation and hearing" as required by HRS § 571-22(a) (1976).[3]

Doe, born on September 24, 1958, was by petition filed on May 12, 1975, alleged to have committed the offense of murder. On May 13, 1975, the Prosecuting Attorney's Office filed a petition for waiver of Family Court jurisdiction over Doe,

---

[1] Although Doe is now 21 years of age and not a minor, because HRS § 571-11(1) (1976) vests in the Family Court exclusive original jurisdiction "[c]oncerning any person who is alleged to have committed an act prior to achieving eighteen years of age which would constitute a violation or attempted violation of any federal, state or local law or municipal ordinance," a fictitious name is used in this opinion.

[2] In conjunction with his appeal from the order waiving family court jurisdiction, Doe also appeals from the Family Court order denying his motion for reconsideration of the order granting the waiver.

[3] HRS § 571-22(a) reads as follows:
§ 571-22 Waiver of jurisdiction; transfer to other courts. (a) The court may waive jurisdiction and order a minor or adult held for criminal proceedings after the full investigation and hearing where the person during his minority, but on or after his sixteenth birthday, is alleged to have committed an act which would constitute a felony if committed by an adult, and the court finds there is no evidence the person is committable to an institution for the mentally defective or retarded or the mentally ill, is not treatable in any available institution or facility within the State designed for the care and treatment of children, or that the safety of the community requires that the person continue under judicial restraint for a period extending beyond his minority.

and the Family Court issued an Order of Examination and Appointment of Diagnostic Team. The hearings on the waiver petition were held on June 16, and July 2, 1975. Each of the hearings was of very brief duration. The record does not disclose any transcript for the first hearing. Although the record is unclear, Doe had apparently voluntarily "got himself admitted into the Habilitat," a privately-run facility in Hawaii for the treatment and cure of problems related to drug and alcohol addiction. At the conclusion of the July 2, 1975 hearing, the Family Court allowed Doe to leave the juvenile detention home and released him to Habilitat, with the understanding that if he left Habilitat, he would be returned to the detention facility. The Family Court judge stated at the hearing that he would "take the entire matter of the petition for waiver of jurisdiction under advisement" and that "the proceedings will not be closed until I've finally decided on the petition for waiver which may very well be a year or two." The Family Court decree filed on July 23, 1975, states that "[t]he matter is taken under advisement; to be moved on by the court. . . ."

Doe entered Habilitat and was there for two years during which time he apparently progressed well. Then on July 3, 1977, he left Habilitat without authorization and prior to his graduation from the program. Doe was informed by a probation officer that he had until noon July 7, 1977 to return to Habilitat. He failed to return. At 4:30 o'clock p.m. on July 7, 1977, the Family Court, which had taken the case "under advisement" in 1975, granted the petition for waiver without holding further hearing, and without the presence of Doe or his counsel. On July 18, 1977, Doe filed a motion for reconsideration of the written waiver order, supported by a memorandum, which was denied at the hearing held on August 1, 1977. At the hearing, Doe's counsel argued that the Family Court's findings as set forth in its waiver order were based on reports two years old and that Doe had not been given the opportunity to challenge these earlier data. The Family Court judge noted that a re-examination and specific findings based upon the re-hearing was impossible because of Doe's absence at the hearing.

In a juvenile waiver proceeding, the Family Court elects whether to retain its jurisdiction over a juvenile or to transfer him to a criminal court for trial and the propriety of the proceeding is very important to the juvenile. Although the proceeding does not involve a determination of the youth's guilt or innocence, it does determine whether the juvenile will be exposed to criminal prosecution as an adult. HRS § 571-22(a) (1976) sets out the circumstances under which a juvenile may be waived and the standards for determining whether a juvenile should be treated as a juvenile or waived for trial as an adult. In light of the important interests involved in a waiver proceeding, we have held that a valid waiver requires a hearing, assistance of counsel and a statement by the judge of his reasons for waiver. *In re John Doe*, 61 Haw. 364, 604 P.2d 276 (1979); *In re John Doe*, 61 Haw. 167, 598 P.2d 176 (1979); *In re John Doe*, 61 Haw. 48, 594 P.2d 1084 (1979); *State v. Stanley*, 60 Haw. 527, 592 P.2d 422 (1979). A statement of reasons, including a statement of the relevant facts, is required to be stated in its written order of waiver to demonstrate compliance with the statutory requirement of a "full investigation and hearing" and to provide a basis for review. *In re John Doe, supra*, 61 Haw. at 170-171, 598 P.2d at 178; *In Re John Doe, supra*, 61 Haw. at 55, 594 P.2d at 1089; *State v. Stanley, supra*, 60 Haw. at 536, 592 P.2d at 427; *Kent v. United States*, 383 U.S. 541, 561 (1966).

In our opinion, the record in this case does not demonstrate that the waiver order was issued after a "full investigation and hearing." We stated in *In re John Doe, supra*, 61 Haw. at 171, 598 P.2d at 178, that "[t]he 'full investigation and hearing' required by HRS § 571-22(a) (1976) cannot be a mere ritual." The brief inquiries conducted in 1975 do not measure up to the "full investigation and hearing" requirement and, contrary to the court's remarks at the 1977 hearing, no specific findings were made in 1975. The transcript of the 1975 hearing discloses that the Family Court's primary concern was the Habilitat's responsibility to the court, rather than a "full investigation and hearing" required by HRS § 571-22(a) (1976). There is no showing made in the record that further investigation was held in 1977, and no hearing was had

after 1975, before the order was issued. Since in our view the Family Court did not conduct a "full investigation and hearing" before it issued its waiver order, it abused its discretion and we must reverse the order.

As an additional matter, we point out that all waiver petitions taken "under advisement" should be acted upon within a reasonable time. Deferring final decision on a waiver petition to enable a juvenile to participate in a special program may be a proper exercise of the Family Court's broad discretion. Ordinarily, and at first blush reaction, the initial placement of a child in a program such as Habilitat by the Family Court may seem to indicate amenability of the juvenile to rehabilitative treatment and inappropriateness of criminal proceedings; therefore, the court should closely scrutinize the juvenile's continued amenability to such treatment and finally act on the petition for waiver or denial of waiver of Family Court jurisdiction within a reasonable time.

Accordingly, the order waiving Family Court jurisdiction is reversed and the order denying the motion for reconsideration of the order granting waiver is set aside and No. 6831 is remanded for further proceedings in the Family Court consistent with this opinion. We further quash the indictment returned against Doe in No. 6911 in the Circuit Court as being premature. *State v. Brezee*, 61 Haw. 185, 599 P.2d 290 (1979).

*Renee M. L. Yuen*, Deputy Public Defender, for Juvenile-Appellant.

*Michael A. Lilly*, Special Deputy Attorney General, for Plaintiff-Appellee.