47 P.3d 754

**STATE of Hawai'i, Plaintiff–Appellee,**

v.

**Dean MIYAHIRA, Defendant–Appellant.**

**No. 23616.**

Intermediate Court of Appeals of Hawai'i.

May 10, 2002.

David A. Fisher, Deputy Public Defender, on the briefs, for defendant-appellant.

James M. Anderson, Deputy Prosecuting Attorney, City and County of Honolulu, on the briefs, for plaintiff-appellee.

BURNS, C.J., WATANABE, and LIM, JJ.

Opinion of the Court by BURNS, C.J.

Defendant–Appellant Dean Miyahira (Defendant) appeals from the Judgment of the Family Court of the First Circuit[1] entered on June 27, 2000, finding Defendant guilty of Harassment, Hawai'i Revised Statutes (HRS) § 711–1106(1)(a) (Supp.2001), a petty misdemeanor, HRS § 711–1106(2) (Supp.2001), and sentencing him to probation for six months, to "undertake domestic violence intervention classes at [his] expense as determined by the probation officer[,]" and to make a contribution of $25 to the Hawai'i State Criminal Injuries Compensation Fund. We (a) deny Defendant's request for the entry of a judgment of acquittal, (b) vacate the judgment, and (c) remand for dismissal of the charge on the ground that the family court did not have subject matter jurisdiction to adjudicate it.

## BACKGROUND

The Complaint filed in the family court on April 6, 2000, charged as follows:

> On or about April 4, 2000, in the City and County of Honolulu, State of Hawai'i, [Defendant], with intent to harass, annoy, or alarm TRACY MIYAHIRA [ (Complainant) ], did strike, shove, kick, or otherwise touch [Complainant] in an offensive

---

1. The Honorable I. Norman Lewis presided over the proceedings.

manner or subject her to offensive physical contact, thereby committing the petty misdemeanor offense of Harassment in violation of Section 711–1106(1)(a) of the *Hawai'i Revised Statutes.*

It is undisputed that (a) Defendant and Complainant had been husband and wife, (b) Defendant and Complainant have three children (Children), (c) Defendant and Complainant were divorced prior to April 4, 2000, and (d) by court order, Complainant was the legal and physical custodian of the Children.

At the close of Plaintiff–Appellee State of Hawai'i's (the State) case-in-chief, counsel for Defendant moved for a judgment of acquittal on the basis that "the State has not proven its prima facie case." The court denied the motion.

Defendant testified. At the conclusion of the case, Defendant renewed his motion for judgment of acquittal, based on the "[s]ame argument as before." The court again denied the motion.

## POINTS ON APPEAL

Defendant contends that the family court (1) erred in denying his motions for judgment of acquittal because the State failed to establish the family *court's* jurisdiction and (2) reversibly erred when it excluded evidence of Complainant's prior assaults on Defendant in October 1994 and May 1989. In this opinion, we do not reach point (2).

## STANDARD OF REVIEW OF POINT (1)

■ [T]he court's jurisdiction to consider matters brought before it is a question of law, *United States v. Lorenzo,* 995 F.2d 1448, 1456 (9th Cir.1993), cert. denied, 510 U.S. 881, 114 S.Ct. 225, 126 L.Ed.2d 180, which is subject to de novo review on appeal applying the "right/wrong" standard. *State v. Furutani,* 76 Hawai'i 172, 180, 873 P.2d 51, 59 (1994) (citing *In re Estate of Holt,* 75 Haw. 224, 232, 857 P.2d 1355, 1359, reconsideration denied, 75 Haw. 580, 863 P.2d 989 (1993)) (citation omitted).

*State v. Lorenzo,* 77 Hawai'i 219, 220, 883 P.2d 641, 642 (App.1994).

## SUBJECT MATTER JURISDICTION OF THE COURTS

The subject matter jurisdiction of the circuit, district, and family courts is statutory. In relevant part, HRS (Supp.2001) states as follows:

§ 571–14 **Jurisdiction; adults.** (a) Except as provided in sections 603–21.5 and 604–8, the [family] court shall have exclusive original jurisdiction:

(1) To try any offense committed against a child by the child's parent or guardian or by any other person having the child's legal or physical custody, and any violation of section 707–726, 707–727, 709–902, 709–903, 709–903.5, 709–904, 709–905, 709–906, or 302A–1135,

. . . .

(2) To try any adult charged with:

(A) Deserting, abandoning, or failing to provide support for any person in violation of law;

(B) An offense, other than a felony, against the person of the defendant's husband or wife;

(C) Any violation of an order issued pursuant to chapter 586; or

(D) Any violation of an order issued by a family court judge.

In any case within paragraph (1) or (2), the court, in its discretion, may waive its jurisdiction over the offense charged.

(3) In all proceedings under chapter 580, and in all proceedings under chapter 584.

(4) In proceedings under chapter 575, the Uniform Desertion and Nonsupport Act, and under chapter 576B, the Uniform Interstate Family Support Act.

(5) For commitment of an adult alleged to be mentally defective or mentally ill.

(6) In all proceedings for support between parent and child or between husband and wife.

(7) In all proceedings for pre-trial detention or waiver of jurisdiction over an adult who was a child at the time

of an alleged criminal act as provided in section 571–13 or 571–22.

(8) In all proceedings under chapter 586, Domestic Abuse Protective Orders.

(9) In all proceedings to appoint a guardian of the person of an adult.

(10) For the protection of dependent adults under chapter 346, part X.

In any case within paragraph (3), (4), or (6), the attorney general, through the child support enforcement agency, may exercise concurrent jurisdiction as provided in chapter 576E.

(b) The court shall have concurrent jurisdiction with the district court over violations of sections 707–712, 707–717, 708–822, 708–823, 711–1106, and 711–1106.5 when multiple offenses are charged through complaint or indictment and at least one offense is a violation of an order issued pursuant to chapter 586 or a violation of section 709–906.

. . . .

§ 603–21.5 General. (a) The several circuit courts shall have jurisdiction, except as otherwise expressly provided by statute, of:

(1) Criminal offenses cognizable under the laws of the State, committed within their respective circuits or transferred to them for trial by change of venue from some other circuit court[.]

. . . .

(b) The several circuit courts shall have concurrent jurisdiction with the family court over:

(1) Any felony under section 571–14, violation of an order issued pursuant to chapter 586, or a violation of section 709–906 when multiple offenses are charged through complaint or indictment and at least one other offense is a criminal offense under subsection (a)(1); and

(2) Any felony under section 571–14 when multiple offenses are charged

through complaint or indictment and at least one other offense is a violation of an order issued pursuant to chapter 586, a violation of section 709–906, or a misdemeanor under the jurisdiction of section 604–8.

. . . .

§ 604–8 Criminal, misdemeanors, generally. District courts shall have jurisdiction of, and their criminal jurisdiction is limited to, criminal offenses punishable by fine, or by imprisonment not exceeding one year whether with or without fine.

## DEFENDANT'S RIGHT TO HAVE THIS COURT CONSIDER THE ISSUE OF THE FAMILY COURT'S SUBJECT MATTER JURISDICTION

■ Hawai'i Rules of Appellate Procedure (HRAP) Rule 28(b)(4) (2002) requires, in relevant part, that each point of error stated in the opening brief shall state "(iii) where in the record the alleged error was objected to or the manner in which the alleged error was brought to the attention of the court[.]" In the family court, Defendant did not contend that the family court lacked subject matter jurisdiction. The State contends that Defendant's "challenge on appeal that the trial court lacked jurisdiction over his case must be reviewed for 'plain error.'" We disagree. "The objection for want of jurisdiction, if it exists, may be raised . . . for the first time on appeal." *State v. Rodrigues*, 67 Haw. 70, 83 n. 8, 679 P.2d 615, 624 n. 8 (1984) (quoting *Territory v. Correa*, 24 Haw. 165, 166–67 (1917)). It is fundamental that "parties cannot by waiver confer jurisdiction over the subject matter upon the court." *Id.* (quoting *Tong On v. Tai Kee*, 11 Haw. 424, 427 (1898)).

## FAMILY COURT'S LACK OF SUBJECT MATTER JURISDICTION IN THIS CASE

■ As noted by Defendant, HRS § 701–114(1) (1993)[2] imposes upon the State the

2. Hawai'i Revised Statutes § 701–114 (1993) states as follows:

**Proof beyond a reasonable doubt.** (1) Except as otherwise provided in section 701–115 [Defenses], no person may be convicted of an

burden of proving, *inter alia,* "[f]acts establishing jurisdiction."

HRS § 571–14 outlines the situations when the family court has subject matter jurisdiction. Two situations are relevant. First, HRS § 571–14(a)(2)(B) confers upon the family court exclusive original jurisdiction to try any adult charged with an offense, other than a felony, against the person of the defendant's husband or wife. The instant case does not involve this situation because the record shows that Defendant and Complainant were divorced prior to April 4, 2000.

Second, HRS § 571–14(b) confers upon the family court subject matter jurisdiction concurrent with the district court over violations of HRS § 711–1106 only in those cases "when multiple offenses are charged through complaint or indictment and at least one offense is a violation of an order issued pursuant to chapter 586 [Domestic Abuse Protective Orders] or a violation of section 709–906 [Abuse of Family or Household Members]." The instant case does not involve this situation because the sole offense charged was Harassment, HRS § 711–1106. Therefore, as conceded by the State, the family court did not have subject matter jurisdiction to adjudicate the alleged offense.

## THE REAL ISSUE IN THIS APPEAL

■ Defendant argues that "[t]he family court erred in denying [Defendant's] motions for judgment of acquittal because the prosecution failed to establish that the family court had jurisdiction over this case."

The State responds that

Defendant's characterization of the issue as being the trial court's error in failing to grant his motion for judgment of acquittal for lack of jurisdiction constitutes an apparent attempt to preclude prosecution of the charged offense. *See e.g. State v. Dow,* 72 Haw. 56, 64, 806 P.2d 402, 406 (1991) (held, judgment of acquittal granted upon

offense unless the following are proved beyond a reasonable doubt:
(a) Each element of the offense;
(b) The state of mind required to establish each element of the offense;
(c) Facts establishing jurisdiction;
(d) Facts establishing venue; and

the insufficiency of the evidence triggered double jeopardy protection).

The State contends that this case does not preclude the prosecution of Defendant in the future for the offense charged in this case. We agree with the State.

■ There is no double jeopardy regarding the alleged offense because there was no jeopardy. "Double jeopardy does not attach unless there is a risk of a determination of guilt." *Rodrigues,* 67 Haw. at 79, 679 P.2d at 622 (quoting *Serfass v. United States,* 420 U.S. 377, 95 S.Ct. 1055, 43 L.Ed.2d 265 (1984)). The family court lacked subject matter jurisdiction to adjudicate, and Defendant was never subjected to the possibility of being convicted of, the alleged offense. *See id.* This conclusion is supported by the following sections of HRS (1993):

§ 701–110 **When prosecution is barred by former prosecution for the same offense.** When a prosecution is for an offense under the same statutory provision and is based on the same facts as a former prosecution, it is barred by the former prosecution under any of the following circumstances:

. . . .

(3) The former prosecution resulted in a conviction. There is a conviction if the prosecution resulted in a judgment of conviction which has not been reversed or vacated, a verdict of guilty which has not been set aside and which is capable of supporting a judgment, or a plea of guilty or nolo contendere accepted by the court.

. . . .

§ 701–113 **Former prosecution before court lacking jurisdiction or when fraudulently procured by the defendant.** A prosecution is not a bar within the meaning of sections 701–110, 701–111, and 701–112 under any of the following circumstances:

(e) Facts establishing that the offense was committed within the time period specified in section 701–108.
(2) In the absence of the proof required by subsection (1), the innocence of the defendant is presumed.

(1) The former prosecution was before a court which lacked jurisdiction over the defendant or the offense.

The Commentary to HRS § 701–113 states, in relevant part, as follows:

A subsequent prosecution should not be barred when the former prosecution was before a court lacking jurisdiction over the defendant or the offense. A prosecution by a court without jurisdiction is a nullity, and reprosecuting the defendant does not place the defendant twice in jeopardy because the defendant never in fact was in jeopardy.

Defendant disagrees and argues,

The prosecution's reliance on ·HRS § 701–113(1) is misplaced because the jurisdictional issue in this case was dependent upon facts to be established by the evidence at trial. ...

HRS § 571–14(a)(2)(B) empowers the family court to try a misdemeanor charge concerning an adult when the offense is committed "against the person of the defendant's husband o[r] wife." Accordingly, the family court had the power to adjudicate a harassment charge where it might have been proven that the couple was married. Thus, because it was proper for the family court to allow the case to go forward in light of the possibility that the evidence at trial would establish jurisdiction, the prosecution of the case cannot be considered void *ab initio.* The family court was not a court "lacking jurisdiction" for purposes of HRS § 701–113(1).

The prosecution's contrary interpretation of HRS § 701–113 would drain HRS § 701–114(1)(c)[3] of any effect and lead to absurd and patently unfair results. The absurdity of the prosecution's position can best be illustrated by a hypothetical. [Complainant] might have testified, contrary to [Defendant's] testimony, that she *was* married to [Defendant] at the time of the alleged offense. At the close of all of the evidence and after closing arguments, it would have been the judge's prerogative to weigh [Complainant's] testimony on this subject against [Defendant's].…

Under the prosecution's approach, if the judge believed [Defendant] and not [Complainant], the entire trial would instantly become a nullity and the prosecution could then file a new complaint *in the family court* charging [Defendant] with the same offense. The issue could then go to trial again and again, until the prosecution located a family court judge who believed the prosecution's witness to be more credible on the issue of marital status and convicted [Defendant]. In effect, the prosecution would be rewarded for its failure to persuade the trier of fact. This can hardly be the intent behind the statutes in question.

Accordingly, because the prosecution failed to make out a prima facie case of facts establishing jurisdiction, [Defendant] was entitled to a judgement of acquittal—and not just dismissal of the case.

(Footnote added.)

As noted above, the family court has no jurisdiction under HRS § 571–14(a)(2)(B) unless and until the State proves that the non-felony offense charged is an offense against the person of the defendant's husband or wife. Even assuming that the question whether the parties were married at the time of the offense is a matter of the credibility of the witnesses rather than a matter of public record, the question "is a subject matter jurisdictional question of fact for the court to decide, not an essential element of the alleged offense for the [trier of fact] to decide." *State v. Alagao,* 77 Hawai'i 260, 264, 883 P.2d 682, 686 (1994).

We disagree with Defendant's argument that assuming Complainant testified, contrary to Defendant's testimony, that she was married to Defendant at the time of the alleged offense,

if the judge believed [Defendant] and not [Complainant], the entire trial would instantly become a nullity and the prosecution could then file a new complaint *in the family court* charging [Defendant] with the same offense. The issue could then go to trial again and again, until the prosecution located a family court judge who believed the prosecution's witness to be more

---

3. *See,* footnote 2 above.

credible on the issue of marital status and convicted [Defendant].

If the judge believed Defendant, and not Complainant, and found that Defendant and Complainant were not husband and wife at the time of the alleged offense, the question of fact determinative of the subject matter jurisdiction issue in this case would then be finally decided and its relitigation would be barred by the doctrine of collateral estoppel.

■ Generally, "[i]ssue preclusion, or the doctrine of collateral estoppel, applies in a subsequent suit between the same parties or their privies on a different cause of action and prevents the parties or their privies from relitigating any issue that was actually litigated and finally decided in the earlier action." *State v. Adam*, 97 Hawai'i 413, 419, 38 P.3d 581, 587 (2001) (citation omitted).

■ In a case tried on the merits,
the doctrine of collateral estoppel bars relitigation of an issue where: (1) the issue decided in the prior adjudication is identical to the one presented in the action in question; (2) there is a final judgment on the merits; (3) the issue decided in the prior adjudication was essential to the final judgment; and (4) the party against whom collateral estoppel is asserted was a party or in privity with a party to the prior adjudication[.]"
*Dorrance v. Lee*, 90 Hawai'i 143, 149, 976 P.2d 904, 910 (1999).

■ In a case where a question of fact determinative of the subject matter jurisdiction issue in the case has been decided, the doctrine of collateral estoppel bars relitigation of that question of fact where: (1) the fact decided by the court in the prior case is identical to the fact presented in instant case; (2) there was a final determination of the fact in the prior case; (3) the fact decided in the prior case was essential to the determination of subject matter jurisdiction in the prior case; and (4) the party against whom collateral estoppel is asserted in the instant case was a party or in privity with a party in the prior case.

In the instant case, the subject matter jurisdictional question of fact whether Complainant and Defendant were married to each other at the time of the alleged offense has been judicially finally decided. Therefore, as between the parties in the instant case, the doctrine of collateral estoppel bars relitigation of that subject matter jurisdictional question of fact.

On the other hand, the question of Defendant's innocence or guilt of the alleged offense not having been adjudicated by a court with subject matter jurisdiction, the adjudication of that question by a court with subject matter jurisdiction is not barred by principles of double jeopardy.

Therefore, we deny Defendant's request for the entry of a judgment of acquittal.

## CONCLUSION

Accordingly, in light of the family court's lack of subject matter jurisdiction, we vacate the June 27, 2000 Judgment and remand for dismissal of the charge.