76 P.3d 569

**STATE of Hawai'i, Plaintiff–Appellee,**

v.

**Joel SANDERS, Defendant–Appellant.**

**No. 25116.**

Supreme Court of Hawai'i.

Sept. 17, 2003.

majority in footnote 29 is not germane.

Deborah L. Kim, Deputy Public Defender, on the motion.

MOON, C.J., LEVINSON, NAKAYAMA, and ACOBA, JJ. and Circuit Judge IBARRA, Assigned by Reason of Vacancy.

1. HRS § 708–840(1)(b)(ii) provides in relevant part:
 (1) A person commits the offense of robbery in the first degree if, in the course of committing theft:
 . . . .
 (b) The person is armed with a dangerous instrument and:
 . . . .
 (ii) The person threatens the imminent use of force against the person of anyone who is present with intent to compel acquiescence to the taking of or escaping with the property.

2. HRS § 134–6 provides in relevant part:
 (c) Except as provided in sections 134–5 and 134–9, all firearms and ammunition shall be confined to the possessor's place of business, residence, or sojourn; provided that it shall be lawful to carry unloaded firearms or ammunition or both in an enclosed container from the place of purchase to the purchaser's place of business, residence, or sojourn, or between these places upon change of place of business, residence, or sojourn, or between these places and the following: a place of repair; a target range; a licensed dealer's place of business; an organized, scheduled firearms show or exhibit; a place of formal hunter of firearm use training or instruction; or a police station. "Enclosed container" means a rigidly constructed receptacle, or a commercially manufactured gun case, or the equivalent thereof that completely encloses the firearm.
 . . . .
 (e) Any person violating subsection (a) or (b) shall be guilty of a class A felony. Any person violating this section by carrying or possessing a loaded firearm or by carrying or possessing a loaded or unloaded pistol or revolver without a license issued as provided in section 134–9 shall be guilty of a class B felony. Any person violating this section by carrying or possessing an unloaded firearm, other than a pistol or revolver, shall be guilty of a class C felony.

3. HRS § 708–810(1)(c) provides in relevant part:
 (1) A person commits the offense of burglary in the first degree if the person intentionally enters or remains unlawfully in a building, with intent to commit therein a crime against a person or against property rights, and:
 . .
 (c) The person recklessly disregards a risk that the building is the dwelling of another, and the building is such a dwelling.

4. HRS § 571–22(a) provides in relevant part:
 (a) The court may waive jurisdiction and order a minor or adult held for criminal proceedings after full investigation and hearing where the person during the person's minority, but on or after the person's sixteenth birthday, is alleged to have committed an act that would constitute a felony if committed by an adult, and the court finds that:
 (1) There is no evidence the person is committable to an institution for the mentally defective or retarded or the mentally ill;
 (2) The person is not treatable in any available institution or facility within the State designed for the care and treatment of children; *or*
 (3) The safety of the community requires that the person be subject to judicial restraint for a period extending beyond the person's minority. (Emphasis added.)

Opinion of the Court by NAKAYAMA, J.

Respondent-appellant Joel Sanders filed a motion for reconsideration of this court's order, filed on July 16, 2003, affirming the April 26, 2002 judgment of the circuit court of the first circuit, the Honorable Richard K. Perkins presiding, entered upon Sanders's no contest plea to the following charges: (1) robbery in the first degree, in violation of Hawai'i Revised Statutes (HRS) § 708–840(1)(b)(ii) (Supp.2002)[1] (Count I); (2) place to keep loaded firearm, in violation of HRS § 134–6(c) and (e) (Supp.2002)[2] (Count II); and (3) burglary in the first degree, in violation of HRS § 708–810(1)(c) (1993)[3] (Count III). In his motion for reconsideration, Sanders argues that this court's interpretation of HRS § 571–22(a) (Supp.2002)[4] was erroneous in light of *State ex rel. Marsland v. Town,* 66 Haw. 516, 668 P.2d 25 (1983), and *In re Dinson,* 58 Haw. 522, 574 P.2d 119

(1978), in which dicta provided that HRS § 571–22(a) did not provide for alternative reasons by which the family court could waive jurisdiction over a minor. Based both on plain language and the absence of legislative history indicating otherwise, HRS § 571–22(a) is clearly disjunctive in nature, requiring that the family court find only one of three factors as a precondition to waiving jurisdiction over a minor. We therefore overrule *State ex rel. Marsland* and *In re Dinson* to the extent that these cases state that HRS § 571–22(a) is not disjunctive in nature. For these reasons, Sanders's motion for reconsideration is denied.

## I. BACKGROUND

### A. Statement of Facts

The following facts were obtained from the CID reports of Honolulu Police Department (HPD) Detective Theodore Coons and HPD Detective Robert Cravalho that were contained in the family court record on appeal:

- A group of male teenagers had been planning a "home invasion robbery" for about one week.
- On February 8, 2000, this group, wearing coverings over their faces, entered the residence of Robert Wong.
- Among this group was Sanders, who was armed with a rifle and led the group into the residence.
- Sanders ordered Wong to the ground and then told Wong to cross his feet. Wong complied.
- One of the intruders asked Wong, "Who else is in the house." Before Wong could reply, he was shot in the left hip.
- According to a confidential informant, Sanders accidentally discharged the firearm.
- All of the intruders fled.

### B. Procedural History

After Sanders's arrest, the State of Hawai'i [hereinafter, "the prosecution"] filed a petition in family court for a waiver of jurisdiction to circuit court pursuant to HRS § 571–22, as Sanders was just shy of his eighteenth birthday. On March 2, 2000, the circuit court ordered an examination of Sanders by Dr. Tom Cunningham.

Based on Dr. Cunningham's conclusions, and the conclusions of Dr. Daryl Matthews, hired by Sanders to conduct an independent examination, the family court waived jurisdiction, stating as follows:

By stipulation of the—of the parties, the respondent's date of birth is October 23, 1982, so the respondent is a minor less than 18 years of age; also that the alleged acts constitute felonies if committed by an adult—Robbery One, Burglary One, and Place to Keep; the alleged incident occurring on February 8, 2000, at the time that the minor being [sic] 17 years of age.

With regard to the issue of committability, both Dr. Cunningham and Dr. Matthews agree that the respondent is not committable to an institution for the mentally defective or retarded or mentally ill, and the Court so finds.

With regard to the factors in 571–22(c), the alleged offense is a serious offense, also one committed in an aggressive and willful manner, and the crime being against both persons and property.

With regard to the issue of the respondent's prior record here in Hawai'i, there is hardly any. However, there is [sic] records with the juvenile court in San Diego, California.

The question here is one of adequate protection of the—of the public and the likelihood of probable rehabilitation within the—the juvenile system. The minor has shown a—a long history of antisocial behavior and also a long history of drug abuse.

And what concerns the—the Court in this instance is that the respondent by the facts as shown in the—the police reports and the statements made by those participating in the—in the incident that the respondent did take the weapon into the home, which they knew was occupied as they—they saw the—the occupant in the living room; notwithstanding that, entered the premises; and while the victim of the shooting in this instance was unarmed and lying on the living room floor, was shot by the respondent, who later showed no re-

morse with regard to the—with the shooting. That greatly concerns the Court.

And the Court believes that the adequate protection of the public requires that the respondent needs additional time beyond that which is available to the juvenile system for his rehabilitation, if anything. And therefore, the Court grants the State's request for waiver.

On May 2, 2000, a complaint was filed in circuit court, charging Sanders with Counts I–III. Sanders pled no contest to all counts, and on April 26, 2002, the circuit court entered a final judgment, sentencing Sanders to restitution in the amount of $10,800, twenty years' imprisonment for Count I, and ten years' imprisonment for Counts II and III, all terms to run concurrently, Sanders timely appealed the circuit court's jurisdiction.

## C. Appellate History

On appeal, Sanders argued that the circuit court lacked jurisdiction to criminally adjudicate him because (1) the family court's written order failed to set forth specific findings, as required by Hawai'i Family Court Rules (HFCR) Rule 129 [5] and *In re John Doe*, 61 Haw. 167, 172, 598 P.2d 176, 178 (1979) ("[A]ll waiver orders filed after the issuance of this opinion are required to conform to Rule 129."), and (2) the family court was not warranted in waiving jurisdiction, as, pursuant to HRS § 571–22(a), Sanders (a) was committable to an institution for the mentally defective or mentally ill, (b) would have been treatable at a juvenile institution, and (c) did not pose a danger to the community.

In an order, filed July 16, 2003, this court affirmed the family court's waiver of jurisdiction. The order provided in relevant part:

[W]e hold that the circuit court did not lack jurisdiction, as: (1) despite the family court's failure to comply with the mandatory requirement that all written orders waiving jurisdiction set forth specific findings pursuant to HFCR Rule 129, this error was harmless, inasmuch as Sanders's right to a "full investigation and hearing" under HRS § 571–22 was not violated;

and (2) the family court did not abuse its discretion by waiving jurisdiction pursuant to HRS § 571–22(a), inasmuch as HRS § 571–22(a) is a disjunctive statute, requiring the presence of one of three factors, and in this case, there was substantial evidence that, under HRS § 571–22(a)(3), adequate protection of the public required judicial restraint for a period extending beyond Sanders's minority.

Sanders timely filed this motion for reconsideration.

## II. STANDARD OF REVIEW

### A. Motion for Reconsideration

A motion for reconsideration is properly granted where the court has overlooked or misapprehended points of law or fact. *See* Hawai'i Rules of Appellate Procedure (HRAP) Rule 40.

### B. Jurisdiction

 Whether the circuit court had jurisdiction to adjudicate a criminal defendant is a question of law reviewable de novo. *See State v. Miyahira*, 98 Hawai'i 287, 289, 47 P.3d 754, 756 (App.2002) ("[T]he court's jurisdiction to consider matters brought before it is a question of law ... which is subject to de novo review on appeal applying the 'right/wrong' standard.") (Citations omitted.). A circuit court lacks jurisdiction to criminally adjudicate a minor if the family court erroneously waives jurisdiction. *State v. Rauch*, 94 Hawai'i 315, 323, 13 P.3d 324, 332 (2000).

### C. Waiver of Jurisdiction

 The standard of review of a Family Court waiver decision is whether there was an abuse or mistaken exercise of discretion. *State v. Stanley*, [60 Haw. 527, 538, 592 P.2d 422, 429 (1979)]. Otherwise phrased, the question is not whether the reviewing court agrees with the court below, but rather whether it believes that the judicial mind in view of the relevant rules of law and upon due consideration of the facts of the case

5. HFCR Rule 129 provides in relevant part that "[i]f, after a transfer or waiver hearing, the court orders the case to be transferred to criminal court, it shall make specific findings supporting its decision."

could reasonably have reached the conclusion of which complaint is made.

*State v. Tominaga*, 45 Haw. 604, 614, 372 P.2d 356, 362 (1962).

Much discretion is placed in the hands of the Family Court judges in deciding whether a child is an unfit subject for rehabilitation under facilities and programs available to the Family Court but that discretion must be exercised within the bounds of due process.... Due process in the waiver context is not, however, limited only to procedural regularity[,] that is, a hearing, assistance of counsel[,] and a statement of reasons supporting the decision. There must also be substantial evidence upon which to base the decision to waive the child. *See, In the Matter of F.S.*, 586 P.2d 607 (Alaska 1978); *State v. Green*, 218 Kan. 438, 544 P.2d 356 (1975). "Substantial evidence" is "credible evidence which is of sufficient quantity and probative value to justify a reasonable [person] in reaching a conclusion." *Shoemaker v. Takai*, 57 Haw. 599, 561 P.2d 1286 (1977).

*In re John Doe*, 61 Haw. 364, 366–67, 604 P.2d 276, 277–78 (1979) (some citations omitted). *See also In re John Doe*, 61 Haw. 561, 606 P.2d 1326 (1980) (reviewing family court's waiver of jurisdiction for abuse of discretion); *In re John Doe*, 1 Haw.App. 301, 618 P.2d 1150 (1980) (same).

*Rauch*, 94 Hawai'i at 321–22, 13 P.3d at 330–31.

## III. DISCUSSION

■ Sanders argues that this court erroneously interpreted HRS § 571–22(a) by stating the following in the July 16, 2002 order:

6. These issues included:
 (1) Whether admission of the first social report violated Appellant's right to confrontation of witnesses against him, because it contained, *inter alia*, reports of information supplied by third parties and not within the personal knowledge of the author of the report;
 (2) Whether the family court's express reliance on a report that had been withdrawn from evidence violated defendant's right to due process; and

[T]he family court did not abuse its discretion by waiving jurisdiction pursuant to HRS § 571–22(a), inasmuch as HRS § 571–22(a) is a disjunctive statute, requiring the presence of one of three factors, and in this case, there was substantial evidence that, under HRS § 571–22(a)(3), adequate protection of the public required judicial restraint for a period extending beyond Sanders's minority.

Sanders claims that this interpretation of HRS § 571–22(a) was erroneous because it "permits waiver of a minor from family court without a determination of the minor's committability" and is directly contrary to this court's interpretation of HRS § 571–22(a) in *State ex rel. Marsland* and *In re Dinson.* Despite the dicta in *State ex rel. Marsland* and *In re Dinson,* HRS § 571–22(a) is clearly disjunctive in nature. We, therefore, hold that, based on the plain language of HRS § 571–22(a), and the absence of legislative history indicating otherwise, HRS § 571–22(a) is disjunctive in nature. To the extent that *State ex rel. Marsland* and *In re Dinson* suggest otherwise, they are overruled.

In *In re Dinson*, 58 Haw. at 524, 574 P.2d at 121, this court was faced with three issues related to waiver of jurisdiction under HRS § 571–22(a), not including interpretation of the language in HRS § 571–22(a).[6] At that time, HRS § 571–22(a) provided as follows:

The court may waive jurisdiction and order a minor or adult held for criminal proceedings after the full investigation and hearing where the person during his minority, but on or after his sixteenth birthday, is alleged to have committed an act which would constitute a felony if committed by an adult, and the court finds there is no evidence the person is committable to an institution for the mentally defective or retarded or the mentally ill, is not treata-

 (3) Whether it was prejudicial error for the court to allow a probation officer to testify as to an allegedly ultimate legal conclusion, *i.e.*, that her report was prepared in accordance with the guidelines contained in the Supreme Court decision of *Kent v. United States*, 383 U.S. 541, 565, 86 S.Ct. 1045, 16 L.Ed.2d 84 (1966). *In re Dinson*, 58 Haw. at 524–25, 574 P.2d at 121–22 (footnote omitted).

ble in any available institution or facility within the State designed for the care and treatment of children *or* that the safety of the community requires that the person continue under judicial restraint for a period extending beyond his minority.

*Id.* at 523 n. 1, 574 P.2d at 120 n. 1 (emphasis added). Under this version of HRS § 571–22(a), this court stated, in dictum, that waiver required a determination by the family court that

> there is no evidence that the juvenile is committable to an institution for the mentally defective or retarded or the mentally ill *and also that either* he "is not treatable in any available institution or facility within the State designed for the care and treatment of children" *or* "the safety of the community required that (he) continue under judicial restraint for a period extending beyond minority."

*Id.* at 526–27, 574 P.2d at 123 (emphases added).

In *State ex rel. Marsland*, 66 Haw. at 518–28, 668 P.2d at 27–32, this court was again faced with issues related to wavier of jurisdiction under HRS § 571–22(a), not including interpretation of the language in HRS § 571–22(a).[7] At that time, the language of HRS § 571–22(a), which had changed slightly by employing a gender neutral tone, provided as follows:

> The court may waive jurisdiction and order a minor or adult held for criminal proceedings after full investigation and hearing where the person during the person's minority, but on or after the person's sixteenth birthday, is alleged to have committed an act which would constitute a felony if committed by an adult, and the court finds there is no evidence the person is committable to an institution for the mentally defective or retarded or the mentally ill, is not treatable in any available institution or facility within the State designed for the care and treatment of children, *or* that the safety of the community requires that the person continue under judicial

restraint for a period extending beyond the person's minority.

*Id.* at 518 n. 1, 668 P.2d at 27 n. 1 (emphasis added). This court, quoting *In re Dinson,* stated,

> Should the court find "there is no evidence that the juvenile is committable to an institution for the mentally defective or retarded or the mentally ill *and also that either* he 'is not treatable in any available institution or facility within the State designed for the care and treatment of children' *or* 'the safety of the community requires that [he] continue under judicial restraint for a period extending beyond minority,' " it may relinquish its authority in favor of the circuit court[.]

*Id.* at 524, 668 P.2d at 30 (citation omitted) (emphases added).

Despite the dicta in *State ex rel. Marsland* and *In re Dinson,* the plain language of HRS § 571–22(a) is clearly disjunctive in nature. The current version of HRS § 571–22(a) provides as follows:

> (a) The court may waive jurisdiction and order a minor or adult held for criminal proceedings after full investigation and hearing where the person during the person's minority, but on or after the person's sixteenth birthday, is alleged to have committed an act that would constitute a felony if committed by an adult, and the court finds that:
>
> (1) There is no evidence the person is committable to an institution for the mentally defective or retarded or the mentally ill;
>
> (2) The person is not treatable in any available institution or facility within the State designed for the care and treatment of children; *or*
>
> (3) The safety of the community requires that the person be subject to judicial restraint for a period extending beyond the person's minority.

(Emphasis added.) Under the plain language of the current version of HRS § 571–22(a), (1), (2), and (3) are disjunctive, merely

---

**7.** These issues included whether the court could review an appeal by the prosecution from a refusal to waive jurisdiction and whether the family court erred by failing to conduct a "full investigation and hearing."

requiring that the court find one of these three factors to waive jurisdiction over a minor. Legislative history does not suggest otherwise. *See* Conf. Comm. Rep. No. 17, in 1997 Senate Journal, at 856; Hse. Stand. Comm. Rep. No. 37, in 1997 House Journal, at 1132; 1997 House Journal at 917 (floor testimony). Accordingly, we reaffirm our holding in the July 16, 2003 order that HRS § 571–22(a) is disjunctive in nature and that, inasmuch as the family court did not abuse its discretion by waiving jurisdiction after finding that adequate protection of the public required judicial restraint for a period extending beyond Sanders's minority, the circuit court properly exercised jurisdiction over Sanders.

## IV. CONCLUSION

Inasmuch as this court did not overlook or misapprehend points of law or fact, we deny Sanders's motion for reconsideration.